UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Melissa K. Vagle, | No. 24-cv-4637 (KMM/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| Flagstar Bank N.A., | |
| Defendant. | |

Melissa K. Vagle brought this action in Sherburne County District Court claiming that the foreclosure of her property in Elk River, Minnesota was unlawful. Compl., Doc. No. 1-1. Ms. Vagle seeks a declaration that the foreclosure notice was invalid due to improper notice and procedural deficiencies, an injunction prohibiting the Defendant, Flagstar Bank N.A. ("Flagstar"), from proceeding with the foreclosure, damages under federal and state law, and the imposition of penalties on Flagstar for its handling of the foreclosure. *Id.* at 7, Prayer for Relief. Flagstar removed the case to federal court on December 26, 2024, asserting that there is subject matter jurisdiction based on the presence of federal questions and diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441. Following removal, Flagstar moved to dismiss Ms. Vagle's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Def's Mot., Doc. No. 4. For the reasons that follow, the motion is granted, and the Complaint is dismissed without prejudice.

## BACKGROUND[1]

On April 17, 2020, Ms. Vagle obtained a loan to purchase the Elk River property at issue in this case. The loan was secured by a mortgage in favor of Mortgage Electronic Registration System, Inc. (MERS) as the nominee for the lender United Wholesale Mortgage (UWM). Compl. at 2, ¶ 1; *id.* at 6, ¶ 1; Doc. No. 15 a 22 (Notice of Servicing Transfer); Lovett Decl., Ex. A at 1–2, Doc. No. 6.[2] UWM was the original servicer of the loan, but the mortgage provides that the note could be sold without prior notice to Ms. Vagle and might result in a change in the loan servicer that collects periodic payments due under the note and the mortgage. Lovett Decl., Ex. A at 12, ¶ 20. On August 11, 2023, UWM sent Ms. Vagle a "Notice of Servicing Transfer," which indicated that UWM had sold the rights to service the mortgage loan to an unaffiliated purchaser that engaged Flagstar as the new servicer of the loan effective September 1,

---

[1] Because Flagstar seeks dismissal under Rule 12(b)(6), the Court's focus is on the facts alleged in the Complaint. *Watkins v. City of St. Louis, Mo.*, 102 F.4th 947, 951 (8th Cir. 2024). Without converting the motion to dismiss into a motion for summary judgment under Rule 56, Fed. R. Civ. P. 12(d), the Court may also consider materials incorporated by reference in the Complaint, matters embraced by the pleadings, and certain public records, *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

[2] In support of its motion, Flagstar submitted the declaration of its counsel, attaching the following documents recorded by the Sherburne County Recorder's Office: (a) a copy of the mortgage on the Elk River property recorded on April 29, 2020 (Ex. A); (b) a copy of an assignment of the mortgage recorded on January 10, 2024 (Ex. B); (c) a copy of the notice of pendency of proceeding and power of attorney on April 10, 2024 (Ex. C); and a copy of a sheriff's certificate of sale and foreclosure record recorded on June 5, 2024 (Ex. D). Lovett Decl., Exs. A–D, Doc. No. 6. Courts have considered similar documents as matters embraced by the pleadings and of public record in other wrongful foreclosure cases. *See, e.g.*, *Haubrich v. U.S. Bank Nat'l Ass'n*, No. 12-cv-565 (DSD/TNL), 2012 WL 3612023, at *3 (D. Minn. Aug. 21, 2012) ("In the present action, the court considers the notes, mortgages, assignments, and other foreclosure-related documents as they are necessarily embraced by the pleadings and most are public records."), *aff'd,* 720 F.3d 979 (8th Cir. 2013).

2023. Doc. No. 15 at 22 (Notice of Servicing Transfer); *see also* Lovett Decl., Ex. B (recorded assignment by MERS, on behalf of UWM, to Onslow Bay Financial, LLC).

Flagstar later asserted that Ms. Vagle defaulted on the loan. Compl. at 2, ¶ 3; *id.* at 6, ¶ 2. On April 5, 2024, Flagstar initiated proceedings to foreclose the mortgage on the Elk River property by advertisement. Lovett Decl., Ex. C. On April 25, 2024, Flagstar affixed a foreclosure notice to Ms. Vagle's garage door. Compl. at 2, ¶ 2. On May 4, 11, 18, and 25, 2024, a notice of foreclosure was published in the Elk River Star News. Lovett Decl., Ex. D at 2. On May 6, 2024, a process server personally served the notice of mortgage foreclosure sale and other documents on Ms. Vagle, identified as "Jane Doe." *Id.* at 3. The Elk River property was sold in a Sheriff's sale on June 5, 2024. *Id.* at 4.

The Complaint includes four Counts setting forth Ms. Vagle's claims, three of which assert that Flagstar violated Minnesota law in connection with the foreclosure on the Elk River property. In Count I, Ms. Vagle asserts that Flagstar violated Minnesota Statutes Chapter 580 by failing to serve the foreclosure notice personally or by certified mail as required by Minnesota law. *Id.* at 2, Count I ¶ 1. She asserts that by affixing the notice to the property's "external structure," Defendant deprived her of "adequate notice and due process." *Id.* at 3, Count I ¶ 2. And she claims that Defendant omitted "critical details regarding the alleged default, obstructing Plaintiff's ability to cure or contest the foreclosure." *Id.* at 3, Count I ¶ 3. Count II of the Complaint is titled "Fraudulent Documentation and Lack of Standing." *Id.* at 3, Count II. Ms. Vagle alleges that Flagstar failed to produce a valid and executed promissory note; "[p]rovid[ed] defective or

3

fraudulent documentation lacking proper endorsements, breaking the chain of title"; and "[a]ssert[ed] foreclosure rights without legal standing, in violation of Minnesota Statutes Chapter 580.02." *Id.* And in Count IV ("Wrongful Foreclosure Due to Procedural Irregularities and Misrepresentation"), Ms. Vagle claims that Defendant asserted that she defaulted on the loan without evidence; mishandled her account records and loan documentation; and engaged in misrepresentation and negligence in foreclosure proceedings. *Id.*, Count IV, ¶¶ 1–3.

Ms. Vagle asserts violations of federal law in Count III of her Complaint. Ms. Vagle claims that Defendant failed to comply with the Real Estate Settlement Procedures Act (RESPA) and the Truth in Lending Act (TILA). *Id.*, Count III. Flagstar allegedly violated RESPA by failing to provide accurate account records and failing to respond to qualified written requests (QWR). *Id.*, Count III ¶ 1. Ms. Vagle claims that Defendant violated TILA because it did not properly disclose the terms of the loan. *Id.* at 3, Count III, ¶ 2.

After Flagstar removed this case to federal court, it filed a motion to dismiss for failure to state a claim on January 2, 2025. Pursuant to the Local Rules for the United States District Court in the District of Minnesota, Ms. Vagle was required to file a response to the motion no later than January 23, 2025. D. Minn. LR 7.1(c)(2) (requiring a responding party to file and serve a memorandum of law and other supporting materials within 21 days after the filing of a dispositive motion). Ms. Vagle did not file a response by that date. However, on February 25, 2025, and again on March 18, 2025, the Court

4

received certain documents from Ms. Vagle that the Court has reviewed in connection with Flagstar's motion to dismiss.[3]

## DISCUSSION

Defendant moves for dismissal for failure to state a claim and argues that the Court should dismiss Plaintiff's Complaint with prejudice. Def.'s Mem. 13, Doc. No. 5. Although the Court agrees that the Complaint fails to state a claim, the Court will not dismiss the Complaint with prejudice. Instead, the Court's dismissal is without prejudice because, with one minor exception, the overwhelming flaw in Plaintiff's pleading is the assertion of wholly conclusory statements and legal conclusions and an absence of specific facts that, if taken as true, could suffice to state a claim as a matter of law.

---

[3] On February 25, 2025, Ms. Vagle filed materials including: (1) several copies of a set of interrogatories propounded to Defendant; (2) a document referencing various federal criminal and other statutes, including assertions purporting to fire an unnamed Clerk, Judge, and attorney; (3) a "Writ of Precipae" purporting to charge the Clerk of Court for the District of Minnesota with "dereliction of duty"; (4) warrants for the arrest of the undersigned District Judge, the Magistrate Judge assigned to this matter, the Chief Judge for the District of Minnesota, and counsel for Flagstar Bank. Doc. No. 13. On March 18, 2025, the Court received documents from Ms. Vagle accusing opposing counsel of making misrepresentations to the Court; referring to the illegality of bribing public officials; discussing public corruption issues arising in the District of Puerto Rico; listing "Common Myths About Money, Banks, and the Federal Reserve Bank"; raising concerns about the 2008 bank bailouts by Congress; and including a purported criminal complaint against an array of parties. Doc. No. 15. The Court has reviewed these materials for any argument responsive to Defendant's motion to dismiss and with an eye toward whether they contain factual allegations not otherwise found in Ms. Vagle's Complaint that might make any of her claims plausible. *See Pratt v. Corrs. Corp. of Am.*, 124 F. App'x 465, 466 (8th Cir. 2005) (per curiam) (explaining that district court should consider allegations contained in a *pro se* plaintiff's written response when assessing whether a claim can survive a Rule 12(b)(6) motion); *Neudecker v. Boisclair Corp.*, 351 F.3d 361, 362 (8th Cir. 2003); *Anthony v. Runyon*, 76 F.3d 210, 214 (8th Cir. 1996). However, the Court finds that these submissions do not improve her case.

I.      **Legal Standard**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard does not require the inclusion of "detailed factual allegations" in a pleading, but the complaint must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In applying this standard, the Court must assume the facts in the complaint to be true and take all reasonable inferences from those facts in the light most favorable to the plaintiff. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986); *see also Waters v. Madson*, 921 F.3d 725, 734 (8th Cir. 2019). But the Court need not accept as true any wholly conclusory allegations or legal conclusions that the plaintiff draws from the facts pled. *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019).

Ms. Vagle is not represented by counsel in this case. When unrepresented parties who are not lawyers prepare and file their own pleadings, courts are required to give those *pro se* pleadings a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson*, 551 U.S. at 94). But even under this liberal standard, a *pro se* complaint must contain facts that support the claims asserted. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). When liberally construing a pro se complaint, a court should read the pleading "in a way that permits the layperson's claim to be considered within the proper legal framework."

*Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (citation and internal quotation marks omitted). Requiring a complaint to be so construed "is quite different, however, from requiring the district court to assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 915.

II.   **Plaintiff's Federal Claims**

  A. **RESPA**

Flagstar first argues that the Complaint fails to state a claim for a violation of RESPA. RESPA reflects Congress' efforts to reform the real estate settlement process. *Kelly v. Fairon & Assocs.*, 842 F. Supp. 2d 1157, 1159 (D. Minn. 2012) (quoting 12 U.S.C. § 2601(a)). A borrower can send the servicer of a mortgage loan a QWR to notify the lender of an error with the loan or to obtain specific information relating to the servicing of a loan. 12 U.S.C. § 2605(e). A loan servicer must "provide written responses to a QWR seeking information relating to the servicing of a loan." *Kelly*, 842 F. Supp. 2d at 1159 (cleaned up) (quoting 12 U.S.C. § 2605(e)(1)(A)). Upon receipt of a QWR, the servicer must do one of the following:

> (1) correct the account and tell the borrower that it has made the correction; (2) conduct an investigation and explain to the borrower why the servicer thinks that the account is correct; or (3) after investigation, give the borrower the requested information or explain why it is unavailable.

*Barker v. Quicken Loans, LLC*, 537 F. Supp. 3d 1058, 1061 (D. Minn. 2021) (citing 12 U.S.C. § 2605(e)(1)(A)–(C)); *see also Stein v. Chase Home Finance, LLC*, No. 09-cv-1995 (MJD/JJG), 2010 WL 4736828, at *8 (D. Minn. Aug. 13, 2010), *report and*

7

*recommendation adopted,* No. 09-cv-1995 (MJD/JJG), 2010 WL 4736233 (D. Minn. Nov. 16, 2010), *aff'd,* 662 F.3d 976 (8th Cir. 2011) (same).

Not every communication from a borrower to a lender triggers an obligation of a servicer to respond under RESPA because only certain correspondence constitutes a QWR necessitating a response. *See Hintz v. JPMorgan Chase Bank, N.A.*, No. 10-2825 MJD JJK, 2011 WL 579339, at *8 (D. Minn. Feb. 8, 2011), *aff'd,* 686 F.3d 505 (8th Cir. 2012) ("RESPA does not require a servicer to respond to any question that a borrower may ask—no matter how broad, vague, or far afield.") (quoting *De Vary v. Countrywide Home Loans, Inc.*, 701 F. Supp. 2d 1096, 1106 (D. Minn. 2010), *aff'd,* 686 F.3d 505 (8th Cir. 2012). "Merely parroting the regulat[ory] definition of 'error' is not sufficient because it fails to provide sufficient information [to the servicer] from which to base its investigation and response." *Bakko v. Quicken Loans, Inc.*, 358 F. Supp. 3d 800, 803 (D. Minn. 2018) (citing *Ovsepyan v. OneWest Bank, FSB*, Civ. No. 11-8714 (GHK/RZX), 2012 WL 10423213, at *2 (C.D. Cal. June 14, 2012)). Instead, a communication is a QWR when it "includes, or otherwise enables the servicer to identify, the name and account of the borrower." 12 U.S.C. § 2605(e)(1)(B). It must also "include[] a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provide[] sufficient detail to the servicer regarding other information sought by the borrower." *Id.*

In addition, a plaintiff asserting a RESPA claim "must plead and prove, as an element of the claim, that he or she suffered some actual damage as a result of the alleged RESPA violation." *Hintz*, 2011 WL 579339, at *9 (D. Minn. Feb. 8, 2011) (quoting

*Ricotta v. Ocwen Loan Servicing, LLC*, Civ. No. 06-01502 (MSK/KLM), 2008 WL 516674, *5 (D. Colo. Feb. 22, 2008)). "Without actual harm, a servicer's breach of duty under RESPA does not state a claim." *Barker*, 537 F. Supp. 3d at 1062 n.2 (citing *Wirtz v. Specialized Loan Serv'g, LLC*, 886 F.3d 713, 715 (8th Cir. 2018)).

Plaintiff's RESPA claim in this case falls short in at least three ways. First, the Complaint contains no facts indicating what information Plaintiff requested from Flagstar that would allow the Court to reasonably infer that it constituted a QWR. This means there is no basis to conclude that Flagstar had any obligation to respond under the statute. Second, the Complaint fails to allege how Flagstar's response was inadequate in any way beyond mere conclusory statements. Finally, the Complaint refers to no facts indicating that Plaintiff suffered monetary damages because of Flagstar's alleged noncompliance with RESPA. For these reasons, Flagstar's motion to dismiss the RESPA claim is granted.

## B. TILA

Flagstar next moves to dismiss the claim under TILA. Under TILA, creditors are required to provide consumers "meaningful disclosure of credit terms." 15 U.S.C. § 1601(a). In connection with a loan secured by the home of the borrower, TILA requires a creditor to disclose:

> the annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed, the total of payments, the number and amount of payments [and] the due dates or periods of payments scheduled to repay the indebtedness. . . .

9

15 U.S.C. § 1602(u). The disclosures must be clear and conspicuous and in writing, and the borrower must be allowed to keep the document making the disclosures. 12 C.F.R. § 226.17(a)(1). Although TILA gives consumers purchasing a home with proceeds of a loan an unconditional three-day right to rescind the transaction, 15 U.S.C. §§ 1635(a), 1641(c), if a creditor fails to provide the disclosures identified above, a consumer has three years to rescind, 12 C.F.R. § 226.23(a)(3). *See also Rand Corp. v. Yer Song Moua*, 559 F.3d 842, 846 (8th Cir. 2009) (discussing disclosure requirements for loans secured by a borrower's primary residence and availability of rescission).

The Court finds that Plaintiff's Complaint fails to state a claim for relief under TILA. The Complaint asserts that Defendant violated TILA by failing to disclose key terms of the loan, failing to provide "transparent communication of financial obligations," and failing to provide evidence that the mortgage was "properly validated and accounted for." Compl. at 5–6. However, these are nothing more than conclusory statements that "fail[] to meet the basic pleading requirements of Fed. R. Civ. P. 8(a)." *See Franz v. BAC Home Loans Serv., LP*, No. 10-cv-2025 (DWF/FLN), 2011 WL 846835, at *1 (D. Minn. Mar. 8, 2011) (dismissing the plaintiff's TILA claim alleging that defendants failed to make required disclosures and include unidentified "multiple charges"); *see also Taylor v. Mortg. Elec. Registration Sys., Inc.*, 2013 WL 12110523, at *3–4 (E.D. Ark. Aug. 14, 2013), *aff'd,* 563 Fed. Appx. 515 (8th Cir. 2014) (dismissing TILA claims for rescission and damages for failure to allege facts supporting conclusory allegations, including that defendants failed to "validate and otherwise make a full accounting"). Ms. Vagle points to no specific aspects of the communications from the

10

lender that were inadequate, and indeed points to no specific communications at all. Accordingly, the TILA claim is dismissed for failure to state claim.[4]

### III. Plaintiffs' State Law Claims

#### A. Count I – Improper Notice of Foreclosure

In Count I of the Complaint, Plaintiff alleges that the foreclosure sale should be invalidated and declared void for failure to comply with notice requirements under unspecified provisions of Minnesota Statutes Chapter 580. Flagstar argues that the Court should dismiss Count I for failure to state a claim.

The Minnesota Legislature has authorized foreclosure by advertisement in connection with real estate mortgages. Minn. Stat. § 580.01. Foreclosure by advertisement requires the following:

> (1) a default under the mortgage authorizing sale of the property;
> (2) no pending action to recover the remaining balance on a loan secured by the mortgage;
> (3) the mortgage, and any assignments, must be recorded;
> (4) the foreclosing party must provide the notice of foreclosure prevention counseling options under Minn. Stat. § 580.021 before proceeding with notice of the pendency of the sale; and
> (5) before moving forward with a foreclosure on a primary residence, the foreclosing party must provide notice to the mortgagor of loss mitigation options and otherwise comply with Minn. Stat. § 580.043.

---

[4] Although the Court's dismissal of the TILA claim is without prejudice, the Court notes that if Plaintiff asserts that she is entitled to rescind the transaction because a violation of TILA occurred when she agreed to the loan, such a claim is likely time-barred. The loan transaction was apparently finalized in April of 2020 and she did not commence this suit until November 2024. *See Phillippi v. Beneficial Loan and Thrift Co.*, No. 10-cv-4281 (SRN/JJG), 2012 WL 684873, at *4 (D. Minn. Mar. 2, 2012) (explaining that "rescission claims under TILA are subject to a three-year statute of repose"). And a claim for damages under TILA must be asserted "within one year from the date of the occurrence of the violation. . . ." *Franz*, 2011 WL 846835, at *3 (quoting 15 U.S.C. § 1640(e) and dismissing plaintiff's TILA claim for damages as time-barred where they were not commenced within one year of the home refinancing transaction forming the basis of the claim).

Minn. Stat. § 580.02. The foreclosing party must also publish notice that the mortgage will be foreclosed by sale six weeks in advance. Minn. Stat. § 580.03. And "at least four weeks before the appointed time of sale a copy of such notice shall be served in like manner as a summons in a civil action in the district court upon the person in possession of the mortgaged premises. . . ." *Id.*; *see also* Minn. Stat. § 580.033, subd. 1(1) (requiring the notice to be published in a newspaper with its office in the county where the property is located). In addition, each notice of foreclosure by sale must provide specific information, including details about the mortgagor, the mortgagee, any assignees, the principal amount secured by the mortgage, details of the recording of the mortgage, the amount still due on the date of the notice, a description of the property, the time and place of the sale, and the mortgagor's redemption rights. Minn. Stat. § 580.04.

      The Court finds that Count I fails to state a claim for relief. Although Plaintiff alleges that the notice provided by Defendant did not comply with Minnesota law, the Complaint does not specify which aspects of notice were required and not provided. The publicly recorded documents show that the advertisement ran for the required six-week period before the June 5, 2024 Sheriff's Sale. As a result, there are no facts demonstrating Defendant's noncompliance with the publication requirements of Minn. Stat. § 580.03.

      Similarly, although the Complaint makes the conclusory allegation that Flagstar "omit[ed] critical details regarding the alleged default, obstructing Plaintiff's ability to cure or contest the foreclosure," Compl. at 3, Count I, ¶ 3, no additional detail is provided. The Complaint does not identify any deficiency with the contents of the notices

Flagstar provided that plausibly states a claim of a violation of the requirements of Minn. Stat. § 580.04.

Further, the Complaint asserts that when Flagstar affixed a notice of foreclosure to the door of her garage on or about April 25, 2024, Flagstar did not provide her personal service. But the public records indicate that Plaintiff was personally served on the adult occupant of the property, identified alternately as "Jane Doe" and "Melissa Kay Vagle," on May 6, 2024. And under Minnesota law, personal service on an individual is achieved "by delivering a copy to the individual personally or by leaving a copy at the individual's usual place of abode with some person of suitable age and discretion then residing therein." Minn. R. Civ. P. 4.03(a). Taking all the reasonable inferences in Plaintiff's favor, the certificate of service in the publicly recorded documents shows that the required notice was personally delivered to an adult residing at the property "at least four weeks before the appointed time of sale a copy . . . in like manner as a summons in a civil action in the district court. . . ." Minn. Stat. § 580.03. There are no facts suggesting that service of the notice on May 6, 2024 failed to comply with Minnesota law.

### B. Count II – Fraudulent Documentation and Broken Chain of Title

The "fraudulent documentation" and "broken chain of title" claim in Count II of the Complaint asserts that Flagstar failed to produce a valid and executed promissory note, provided defective or fraudulent documentation, and asserted foreclosure rights without legal standing in violation of Minn. Stat. § 580.02. Flagstar argues that the Court should dismiss Count II for failure to state a claim because there are no facts in the

13

Complaint demonstrating any violation of Minnesota law. For three reasons, the Court agrees that Count II must be dismissed.

First, as noted above, Minn. Stat. § 580.02 sets forth a list of requirements for a party to proceed with a foreclosure by advertisement. But the Complaint offers nothing more than conclusory statements regarding Flagstar's alleged noncompliance with this statute. For example, there are no facts alleged suggesting that no default occurred in a condition of the mortgage that would create a power for the mortgagee to initiate a foreclosure sale. Minn. Stat. § 580.02(1). Plaintiff does not allege that the foreclosure and any assignments were not recorded, nor that Flagstar failed to comply with § 580.021 before recording the notice of pendency as required under § 580.032. Minn. Stat. § 580.02(3)–(4). Consequently, the Complaint does not comply with the fundamental requirement of Fed. R. Civ. P. 8(a)(2) that a pleading provide "a short and plain statement of the claim showing that the pleader is entitled to relief."

Second, Plaintiff's allegation that Defendant failed to provide a valid or executed promissory note is best construed as a claim under the theory that the holder of a legal title to a mortgage cannot foreclose unless it produces the underlying promissory note. This is also known as the "show-me-the-note" theory, which has been rejected by the Eighth Circuit Court of Appeals and the Minnesota Supreme Court. *Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1030 (8th Cir. 2012), *as corrected* (Nov. 28, 2012); *see also Jackson v. Mortg. Elec. Registration Sys., Inc.*, 770 N.W.2d 487, 490–91 (Minn. 2009).


Finally, there are no facts to support Plaintiff's conclusory allegations that Flagstar pursued foreclosure based on "defective or fraudulent documentation. . . ." Compl. at 3, Count II, ¶ 2. Absent any facts relating to this claim, it must be dismissed.

### C. Count IV – Wrongful Foreclosure

Finally, Flagstar moves to dismiss the wrongful foreclosure claim in Count IV of the Complaint. Defendant's motion is granted with respect to this claim because it is not based on any factual allegations, but instead depends on wholly conclusory statements that cannot form the basis for a plausible claim.

### ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED THAT** Defendant's Motion to Dismiss, Doc. No. 4, is **GRANTED** and this matter is **DISMISSED WITHOUT PREJUDICE**.

**Let Judgment be entered accordingly**.

Date: April 7, 2025                                    *s/Katherine Menendez*
                                                       Katherine Menendez
                                                       United States District Judge